## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

**PATRICIA POWELL,**
        **Plaintiff,**

      v.                                                                    **Case No. 14-C-0475**

**OFFICE MAX, et al.,**
        **Defendants.**

## **DECISION AND ORDER**

      Patricia Powell, proceeding pro se, has filed this action against a number of different individuals and businesses. The documents she has filed are handwritten and largely illegible. To the extent the documents are legible, they are nearly incoherent. For example, the first few lines of her complaint read as follows: "A.M. Halstensgaard Lesbian 1977 to present 2014 + beyond I lost job after 18 years should of been Oct. 22 2003 . . . ." Although the plaintiff has prepaid the filing fee in full, she has filed a motion to proceed without prepayment of the filing fee. The plaintiff filed a letter that appears to have something to do with the filing fee, but that letter is completely illegible. See ECF No. 4.

      Under 28 U.S.C. § 1915(e)(2), a court must dismiss a case if it determines that an action is frivolous or malicious or fails to state a claim on which relief may be granted. In light of the incoherent nature of plaintiff's complaint, I find that she has failed to state a claim on which relief may be granted. Although it is possible she is attempting to state claims for employment discrimination or sexual harassment, even the most liberal construction of the present complaint could not find allegations sufficient to support such claims. Accordingly, the complaint will be dismissed.

Ordinarily, when I dismiss a pro se complaint for failure to state a claim, I grant the plaintiff one opportunity to file an amended complaint to correct any defects. Here, however, Powell has already had one opportunity to correct the defects in her complaint. In November 2013, she filed a complaint in this court that is similar to the complaint in the present case. <u>See</u> E.D. Wis. Case No. 13-cv-1255. That complaint was dismissed for failure to state a claim on which relief may be granted. In its order dismissing the complaint, the court noted that Powell appeared to be claiming that she had been the victim of employment discrimination or harassment, but that she had failed to include sufficient allegations in the complaint to support such claims. Given that Powell has already been informed about the deficiencies in her claim and has been unable to correct them, I conclude that granting her an opportunity to file a third complaint would be futile. Therefore, I will dismiss this action.

Accordingly, **IT IS ORDERED** that the complaint and this action are dismissed for failure to state a claim on which relief may be granted.

**IT IS FURTHER ORDERED** that plaintiff's request to proceed without prepayment of the filing fee is **DENIED** as **MOOT**.

Dated at Milwaukee, Wisconsin this 5th day of May, 2014.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge